IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-01341-CMA-STV

WALDO MACKEY,

    Plaintiff,

v.

BRIDGETTE WATSON, and
SUSAN PRIETO,

    Defendants.

---

**ORDER AFFIRMING THE AUGUST 2, 2018 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

---

This matter is before the Court upon the August 2, 2018 Recommendation by United States Magistrate Judge Scott T. Varholak that Plaintiff Waldo Mackey's Motion for Summary Judgment (Doc. # 59) be denied. (Doc. # 115.) Plaintiff has filed four Objections to the Recommendation but none were timely filed. (Doc. ## 117–19, 130.) The Court nevertheless has considered Plaintiff's first-filed Objection, filed August 20, 2018 (the "Objection"). (Doc. # 117.) For the reasons described herein, Plaintiff's Objection is overruled. The Court affirms and adopts Magistrate Judge Varholak's Recommendation and denies Plaintiff's Motion for Summary Judgment.

## I. BACKGROUND

The Magistrate Judge's Recommendation (Doc. # 115) and this Court's previous Order Denying Defendants' Motion to Dismiss (Doc. # 51) provide recitations of the factual and procedural background of this dispute and is incorporated herein by reference. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, this Order will reiterate only what is necessary to address Plaintiff's Objection.

After the Court's ruling on Defendants' Motion to Dismiss (Doc. # 51), only two claims remain. In Claim Four, Plaintiff alleges that Defendant Bridgette Watson, a sergeant at the correctional facility where he was incarcerated, retaliated against him for exercising "his right to grieve/complain" in violation of the First Amendment by performing harassing searches of his cell, confiscating his prescription eyeglasses and clothing, directing other staff to terminate him from his job as an Offender Care Aid, and filing a false disciplinary report. (Doc. # 1 at 16–21; Doc. # 6 at 3–4.) In Claim Five, Plaintiff alleges that Defendant Susan Prieto, a hearing officer at the correctional facility, denied him his due process rights at a disciplinary hearing by excluding his witnesses and by informing him that videotape of the incident with Defendant Watson had been taped over and that he should have asked for it within three days of the incident. (Doc. # 1 at 21–22; Doc. # 6 at 4.)

On February 21, 2018, Plaintiff filed the Motion for Summary Judgement now before the Court, seeking summary judgment on both of his remaining claims. (Doc. # 59.) Plaintiff repeats the factual allegations he made in his Complaint and claims that they "establish[] that Defendant . . . Watson denied [his] First Amendment right to

redress grievances and complain without retaliation; and Defendant . . . Prieto denied [his] Fourteenth Amendment right to Due Process and/or Equal Protection." (*Id.* at 6.) Plaintiff does not address the elements of his claims nor the standard for summary judgment. *See generally* (*id.*) Defendants responded in opposition to Plaintiff's Motion for Summary Judgment on April 16, 2018 (Doc. # 86), to which Plaintiff replied on May 7, 2018 (Doc. # 92.)

On August 2, 2018, Magistrate Judge Varholak issued his Recommendation that the Court deny Plaintiff's Motion for Summary Judgment. (Doc. # 115.) He recounted the procedural and factual background of Plaintiff's case at length and accurately articulated the standards governing review of a motion for summary judgment. (*Id.* at 1–10.) Magistrate Judge Varholak then analyzed each of Plaintiff's claims, finding that Plaintiff has not established, as a matter of law, the elements of his two claims. (*Id.* at 10–26.) After restating his conclusion that Plaintiff's Motion for Summary Judgment should be denied, the Magistrate Judge advised the parties that they could serve and file written objections to his Recommendation within fourteen days of its issuance. (*Id.* at 26 n.6.)

Plaintiff filed his Objection on August 20, 2018, four days after the passing of the fourteen-day deadline for objections (August 16, 2018). (Doc. # 117.) Plaintiff filed further objections on August 23, 2018 (Doc. # 118), August 27, 2018 (Doc. # 119), and September 6, 2018 (Doc. # 130). Because Plaintiff proceeds *pro se* and the Court reviews his filings liberally, it considers the Objection filed August 20, 2018 (Doc. # 117). It declines to review Plaintiff's subsequent untimely objections. (Doc. ## 118, 119, 130.)

3

## II. STANDARDS OF REVIEW

### A. REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. U*nited States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### B. *PRO SE* PLAINTIFF

Plaintiff proceeds *pro se*. The Court, therefore, reviews his pleading "liberally and hold[s] [it] to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir.

1991) (a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Nor does *pro se* status entitle a litigant to an application of different rules. See *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**C.  MOTION FOR SUMMARY JUDGMENT**

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okl.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing motions for summary judgment, a court may not resolve issues of credibility, and must view the evidence in the light most favorable to the non-moving party—including all reasonable inferences from that evidence. *Id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating an absence of genuine dispute of material fact and entitlement to judgment as a matter of law. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant meets its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."

*Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986).  The nonmoving party may not simply rest upon its pleadings to satisfy this burden.  *Id.*; *Celotex Corp.*, 477 U.S. at 324.  Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence from which a rational trier of fact could find for the nonmoving party."  *Adler*, 144 F.3d at 671.  "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, . . . specific exhibits incorporated therein," *id.*, or any other kind of "evidentiary materials listed in Rule 56(c), except the mere pleadings themselves," *Celotex Corp.*, 477 U.S. at 324 (emphasis added).

Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson*, 477 U.S. at 251–52.

## III.　ANALYSIS

Plaintiff's principal objection to the Recommendation is that Magistrate Judge Varholak "ignore[d]" his factual allegations and "replace[d] them with [Defendants'] best interpretation of the multiple versions of their excuses."  (Doc. # 117 at 2.)  This contention—that the Magistrate Judge disregarded Plaintiff's affidavit and assumed the veracity of Defendants' allegations—permeates the sub issues Plaintiff raises.

For example, Plaintiff criticizes the Magistrate Judge's analysis of his argument that Defendant Watson retaliated against him by confiscating his eyeglasses during her search of his cell.  (*Id.* at 12.)  In considering whether evidence that Defendant Watson's confiscation of the property violated prison policies suffices to show she was

6

substantially motivated to retaliate against Plaintiff, Magistrate Judge Varholak explained that Defendant Watson "fervently dispute[s]" Plaintiff's argument:

> With regard to the prescription eyeglasses that were confiscated, [Defendant] Watson testifies that it was her "sincere belief" that pursuant to prison regulations, inmates were only permitted to have "one pair of reading glasses and one pair of prescription eyeglasses" and thus that Plaintiff's glasses in excess of that were contraband.

(Doc. # 115 at 15–17.) The Magistrate Judge stated that Plaintiff provides no evidence to directly contradict Defendant Watson's testimony. (*Id.* at 17.) For these and other reasons, the Magistrate Judge determined that "Plaintiff has not presented undisputed evidence proving that [Defendant] Watson's decision to confiscate his property was substantially motivated as a response to his oral complaint about her conducting the search." (*Id.* at 18.) In his Objection, Plaintiff takes issue with Magistrate Judge Varholak's "comments on [Defendant] Watson's sincere belief as to how many pair [sic] of prescription eyeglasses Plaintiff could have," asserting that the Magistrate Judge was improperly "weighing the evidence." (Doc. # 117 at 12.)

Plaintiff's argument that Magistrate Judge Varholak engaged in an "unbalanced interpretation of the facts" does not persuade the Court that the Recommendation is erroneous. *See* (*id*. at 1.) The Magistrate Judge did not "ignore" Plaintiff's allegations in favor of Defendants' evidence; rather, he correctly applied the legal principles governing summary judgment. As the Court previously stated, when reviewing a motion for summary judgment, the Court must view the evidence and all reasonable inferences from that evidence in the light most favorable to the non-moving party. *Allen*, 119 F.3d at 839. In the context of this case, the Magistrate Judge therefore had a duty to view

7

the evidence in the light most favorable to Defendants. He did not err by considering Defendants' arguments and evidence, as he did in the example above by acknowledging Defendant Watson's testimony that she believed she was acting in accordance with prison policies when she confiscated Plaintiff's eyeglasses.

Because Plaintiff's Objection is premised on his misunderstanding of summary judgment principles and fails on that ground, the Court need not address the remainder of Plaintiff's specific arguments in the Objection.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court ORDERS that Magistrate Judge Varholak's August 2, 2018 Recommendation (Doc. # 115) is AFFIRMED and ADOPTED as an Order of this Court. It is

FURTHER ORDERED that Plaintiff's Objection (Doc. # 117) is OVERRULED. It is

FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Doc. # 59) is DENIED.

DATED: September 13, 2018

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge