IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01341-CMA-STV

WALDO MACKEY,

    Plaintiff,

v.

BRIDGETTE WATSON and
SUSAN PRIETO,

    Defendants.
_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

This matter comes before the Court on six Motions filed by Plaintiff [##197-202]: (1) four Motions for Writ of Habeas Corpus Ad Testificandum, which seek to bring Plaintiff and three inmate witnesses before this Court for trial [##197-200]; (2) Plaintiff's "Motion for Appointment of Advisory Counsel" [#201]; and (3) Plaintiff's "Motion for the U.S. Marshals to Serve Correctional Officers in the Facility" ("Motion for Subpoenas") [#202] (collectively the "Motions").[1]  The Motions have been referred to this Court. [#203]  For the following reasons, the Motions are **DENIED**.

---

[1] Because Plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings and hold them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, cannot "assume the role of advocate for the *pro se* litigant." *Id.*

## I.  MOTIONS FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM

In Plaintiff's four Motions for Writ of Habeas Corpus Ad Testificandum, Plaintiff requests that Warden Scott Dauffenbach be ordered to bring Plaintiff and three other inmate witnesses to testify on Plaintiff's behalf at trial.  [##197-200]  Plaintiff argues that his case "depends in large part on the testimony" of these witnesses, and that the "jury should be allowed to hear" the witnesses "testify personally" and "observe [their] demeanor."  [*Id.*]

"The authority to issue writs of habeas corpus ad testificandum is expressly conferred by 28 U.S.C. 2241(c)(5)," and allows a federal court in its discretion "to secure the appearance of a state or federal prisoner as a witness in federal court." *Mitchell v. Howard*, No. 14-CV-1068-WYD-NYW, 2015 WL 5728765, at *2 (D. Colo. Sept. 30, 2015). "A prisoner does not have an absolute right to be present at his civil trial or pretrial proceedings," and "[i]n determining whether to grant the writ, the court must weigh the prisoner's need to be present against concerns of expense, security, logistics and docket control." *Id.* (quoting *Hawkins v. Maynard*, 89 F.3d 850, 1996 WL 335234, at *1 (10th Cir. June 18, 1996)).  The United States Supreme Court has held that the statute does not authorize a federal court to direct a writ of habeas corpus ad testificandum to parties who do not have custody of the person incarcerated.  *Penn. Bureau of Corr. v. U.S. Marshals Service*, 474 U.S. 34, 38 (1985).

Here, Plaintiff seeks to direct the writs to Warden Dauffenbach, who appears to be the warden of Arrowhead Correctional Center.  *See Public Prisons, Address and Phone Number Information*, Colorado.gov, https://www.colorado.gov/pacific/cdoc/address-and-phone-number-information (last visited Jan. 29, 2019); *see also Fortner v. Cty. of El Paso*,

No. 15-cv-00644-WJM-NYW, 2015 WL 10384289, at *6 n.8 (D. Colo. Dec. 9, 2015) (noting court may take judicial notice of the contents of a government website), *recommendation adopted*, 2016 WL 806751 (D. Colo. Mar. 2, 2016). Plaintiff is in custody at Fremont Correctional Facility, and according to the Motions for Writ of Habeas Corpus Ad Testificandum, the other witnesses that Plaintiff seeks to bring to his trial are incarcerated at Fremont Correctional Facility [#198], Colorado Territorial Correctional Facility or Buena Vista Correctional Complex [#199], and Sterling Correctional Facility [#200]. Therefore, none of the witnesses are housed in Arrowhead Correctional Center and are not under the requisite custody of Warden Dauffenbach. Accordingly, the Motions for Writ of Habeas Corpus Ad Testificandum [##197-200] are **DENIED WITHOUT PREJUDICE**. In so holding, the Court makes no decision with respect to whether the need for Plaintiff and his witnesses to be present at trial outweighs concerns of expense, security, logistics, and docket control, even if the writs were directed to the proper party.

## II.     MOTION FOR APPOINTMENT OF ADVISORY COUNSEL

In Plaintiff's Motion for Appointment of Advisory Counsel, Plaintiff seeks appointment of counsel for assistance in the pretrial conference and trial. [#201] Plaintiff further requests that the Court postpone the pretrial conference and trial until advisory counsel can be appointed. [*Id.*]

This Court previously granted Plaintiff's Motion for Appointment of Counsel in November 2018. [#50] But, despite that Order, there is no guarantee that counsel will be appointed in this case, as the Court has informed Plaintiff. [##50, 81] Plaintiff remains responsible for complying with all deadlines and procedures until counsel is appointed. The Court also notes that no final pretrial conference is currently scheduled, and no trial

dates have yet been set in this matter. [*See* #195] Because the Court has already granted a prior motion for appointment of counsel by Plaintiff, the instant Motion for Appointment of Advisory Counsel [#201] is **DENIED as moot**.

## III.     MOTION FOR SUBPOENAS

Finally, Plaintiff has filed a Motion for Subpoenas, requesting that the Court subpoena Plaintiff's "correctional officer witnesses at the Court's or the Defendants['] expense." [#202 at 1] In support of that Motion, Plaintiff states that he "has nearly exhausted his funds." [*Id.*]

Federal Rule of Civil Procedure 45(b)(1) states that a subpoena may be served by any person not a party to the case, and that such service is effectuated by tendering the subpoena, along with "fees for 1 day's attendance and the mileage allowed by law" to the witness.[2] The "authorization to proceed *in forma pauperis* [("IFP")]," under 28 U.S.C. § 1915 "does not excuse a litigant from paying the required witness fees and mileage." *Davis v. Andujar*, No. 08-cv-00245-MSK-KMT, 2009 WL 4908180, at *2 (D. Colo. Dec. 17, 2009). "The expenditure of public funds on behalf of an indigent litigant is only proper when authorized by Congress," and because "neither section 1915 nor any other statute provides such authorization, federal courts lack the authority to waive witness [fees] or order payment of witness fees on behalf of an [IFP] civil litigant." *Id.* (collecting cases); *see also Hooper v. Tulsa Cty. Sheriff Dep't*, 113 F.3d 1246, 1997 WL 295424, at *2 (10th

---

[2] One day's attendance fee for a witness is currently set by statute at $40. 28 U.S.C. § 1821(b). Mileage is payable based on distances and rates established by the General Services Administration ("GSA"). *See id.* § 1821(c)(2). The current mileage rate is $0.58 cents per mile for privately owned vehicles, according to the GSA's website. *See Privately Owned Vehicle (POV) Mileage Reimbursement Rates*, GSA, https://www.gsa.gov/travel/plan-book/transportation-airfare-rates-pov-rates/privately-owned-vehicle-pov-mileage-reimbursement-rates (last visited Jan. 29, 2019).

4

Cir. June 4, 1997) ("Every circuit considering this issue has held that § 1915(a)'s waiver of prepayment of 'fees or costs' does not authorize the federal courts to waive or order payment of witness fees for a civil litigant proceeding *in forma pauperis*.").

Here, Plaintiff has paid the filing fee and is not proceeding IFP. [*See* ##5, 12] But, even if he was, Plaintiff has not tendered the requisite witness fees and mileages for the individuals to be subpoenaed. Moreover, Plaintiff has not offered any description of the witnesses' anticipated testimony, how that testimony would be relevant to his claims, or how the testimony from each of the witnesses would not be redundant or cumulative. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative evidence."); *Garner v. United States*, 45 F. App'x 326, 2002 WL 1899597, at *6 (5th Cir. July 11, 2002) (finding no abuse of discretion in court's refusal to issue a subpoena "where a prisoner litigant did not state why he needed a witness's testimony and where the prisoner did not in fact need the testimony to prove his claim at trial" (citing cases)). *Cf. Davis*, 2009 WL 4908180, at *2 n.2 (noting that pursuant to plaintiff's proffer of the witnesses' anticipated testimony, each witness appeared to have information relevant to plaintiff's claims, and the testimony of each witness did not appear to be redundant or cumulative). For these reasons, Plaintiff's Motion for Subpoenas [#202] is **DENIED WITHOUT PREJUDICE**.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's four Motions for Writ of Habeas Corpus Ad Testificandum [##197-200] are **DENIED WITHOUT PREJUDICE**, Plaintiff's Motion for

Appointment of Advisory Counsel [#201] is **DENIED as moot**, and Plaintiff's Motion for Subpoenas [#202] is **DENIED WITHOUT PREJUDICE**.

DATED:  January 29, 2019

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge