IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-01341-CMA-STV

WALDO MACKEY,

    Plaintiff,

v.

BRIDGETTE WATSON, and
SUSAN PRIETO,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING THE FEBRUARY 27, 2019
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

This matter is before the Court upon the February 27, 2019 Recommendation by United States Magistrate Judge Scott T. Varholak that this Court deny Defendants Bridgette Watson and Susan Prieto's (together, "Defendants") Motion for Summary Judgment (Doc. # 172). (Doc. # 215.) Defendants filed an Objection to the Recommendation (Doc. # 218), which, for the reasons described herein, the Court overrules. The Court affirms and adopts Magistrate Judge Varholak's Recommendation and denies Defendants' Motion for Summary Judgment.

### I.     BACKGROUND

The Magistrate Judge's Recommendation (Doc. # 215) and this Court's previous Order Denying Defendants' Motion to Dismiss (Doc. # 51) provide recitations of the

factual and procedural background of this dispute and are incorporated herein by reference. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, this Order will reiterate only what is necessary to address Defendants' Objection.

After the Court's ruling on Defendants' Motion to Dismiss (Doc. # 51), only two claims remain. In Claim Four, Plaintiff alleges that Defendant Bridgette Watson, a sergeant at the correctional facility where he was incarcerated, retaliated against him for exercising "his right to grieve/complain" in violation of the First Amendment by performing harassing searches of his cell, confiscating his prescription eyeglasses and clothing, directing other staff to terminate him from his job as an Offender Care Aid, and filing a false disciplinary report. (Doc. # 1 at 16–21; Doc. # 6 at 3–4.) In Claim Five, Plaintiff alleges that Defendant Susan Prieto, a hearing officer at the correctional facility, denied him his due process rights at a Code of Penal Discipline ("COPD") disciplinary hearing on March 9, 2017, by excluding his witnesses and by informing him that videotape of the incident with Defendant Watson had been taped over and that he should have asked for it within three days of the incident. (Doc. # 1 at 21–22; Doc. # 6 at 4.)

Plaintiff moved for summary judgment on February 21, 2018, seeking summary judgment on both claims. (Doc. # 59.) Upon Magistrate Judge's Recommendation (Doc. # 115), the Court denied Plaintiff's Motion for Summary Judgment on September 13, 2018 (Doc. # 133).

On December 21, 2018, Defendants moved for summary judgment. (Doc. # 172.) They assert that Claim Five, Plaintiff's due process claim against Defendant

Prieto, "fails as a matter of law" for two reasons: (1) Plaintiff's "failure to complete the [appeal] process as set forth by State law and rules that provided him all the process that is due under the Due Process Clause," and (2) "collateral estoppel or issue preclusion, as [Plaintiff] had the opportunity to address the merits of COPD hearing and conviction in State court in an appeal." (*Id.* at 6–7.)  Defendants next argue that Plaintiff cannot obtain compensatory damages on either claim "without a showing of physical injury under the Prisoner Litigation Reform Act ("PLRA")." (*Id.* at 4.)  Finally, Defendants assert that Plaintiff is not entitled to punitive damages on either claim because he has not proffered evidence sufficient to establish that Defendants acted with the subjective intent required for an award of punitive damages. (*Id.* at 9–10.)  Plaintiff responded in opposition to Defendants' Motion for Summary Judgment on January 18, 2019 (Doc. # 186), to which Defendants replied on February 1, 2019 (Doc. # 208).[1]

On February 27, 2019, Magistrate Judge Varholak issued his Recommendation that the Court deny Defendants' Motion for Summary Judgment. (Doc. # 215.)  He thoroughly recounted the procedural and factual background of Plaintiff's case and accurately articulated the standards governing review of a motion for summary judgment. (*Id.* at 2–7.)  After rejecting each of Defendants' three arguments, the

---

[1] Plaintiff filed a Surreply to Defendants' Reply in Support of their Motion for Summary Judgment on February 8, 2019. (Doc. # 210.)  The Court's Civil Practice Standard 7.1A(d)(4) prohibits "surreply or supplemental briefs . . . without permission of the Court." CMA Civ. Practice Standard 7.1A(d)(4).  In contravention of the Court's Civil Practice Standards, Plaintiff did not seek the Court's permission to file his Surreply.  Accordingly, the Court does not consider Plaintiff's Surreply. (Doc. # 210.)  *See Montoya v. Chao*, 296 F.3d 952, 958 (10th Cir. 2002) (a *pro se* party is not excused from procedural rules).

Magistrate Judge advised the parties that they could serve and file written objections to with Recommendation within 14 days of its issuance. (*Id.* at 17 n.8.)

Defendants filed their Objection on March 15, 2019, faulting Magistrate Judge Varholak for "misinterpret[ing] Defendants['] position on the due process claim" (Claim Five) and for relying "on nothing more than Plaintiff's self-serving statements in his verified Complaint." (Doc. # 218 at 9, 3.) Plaintiff replied in support of the Recommendation on March 29, 2019. (Doc. # 221.)

A four-day jury trial in this matter is set to begin on September 16, 2019. *See* (Doc. # 226.) The Court will address Plaintiff's Motion in Limine to Exclude Evidence of Prior Convictions and Parole Proceedings (Doc. # 263) in due time.

## II. <u>STANDARDS OF REVIEW</u>

### A. REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

4

**B.     PRO SE PLAINTIFF**

At the time he addressed Defendants' Motion for Summary Judgment and Magistrate Judge Varholak's Recommendation thereon, Plaintiff was proceeding *pro se*.[2]  The Court, therefore, reviews his pleading "liberally and hold[s] [it] to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").  Nor does *pro se* status entitle a litigant to an application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**C.     MOTION FOR SUMMARY JUDGMENT**

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[2] As of May 16, 2019, Plaintiff is represented by attorneys Victor William Scarpato, III, and Kevin D. Homiak.  *See* (Doc. ## 247–48.)

matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okl.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing motions for summary judgment, a court may not resolve issues of credibility, and must view the evidence in the light most favorable to the non-moving party—including all reasonable inferences from that evidence. *Id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating an absence of genuine dispute of material fact and entitlement to judgment as a matter of law. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant meets its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy this burden. *Id.*; *Celotex Corp.*, 477 U.S. at 324. Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence from which a rational trier of fact could find for the nonmoving party." *Adler*, 144 F.3d at 671. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, . . . specific exhibits incorporated therein,"

*id.*, or any other kind of "evidentiary materials listed in Rule 56(c), except the mere pleadings themselves," *Celotex Corp.*, 477 U.S. at 324 (emphasis added).

Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

### III. ANALYSIS

Defendants offer three arguments in their Motion for Summary Judgment. (Doc. # 172.) The Court addresses each in turn.

### A. CLAIM FIVE: DUE PROCESS VIOLATION BY DEFENDANT PRIETO

Defendants argue that Claim Five, in which Plaintiff alleges that Defendant Prieto deprived him of his procedural due process rights at the COPD disciplinary hearing, *see* (Doc. # 1 at 21–22), "fails as a matter of law" and must be dismissed (Doc. # 172 at 5–9). They contend that Claim Five "is based on the State of Colorado's procedures for the handling of COPD hearings, convictions, and appeals," and describe Colorado Rule of Civil Procedure 106.5 as providing a legal regime for prisoners like Plaintiff to appeal decisions, such as Defendant Prieto's ruling at the March 9, 2017, disciplinary hearing, "resulting from a quasi-judicial hearing of any facility of the Colorado Department of Corrections . . . for events that occurred at the facility."[3] (*Id.* at 6, 2–3.) On the basis of Rule 106.5 and related Rule 106(a)(4), Defendants make two sub-arguments.

---

[3] Colorado Rule of Civil Procedure 106.5 provides for judicial review of a decision resulting from quasi-judicial hearing at a correctional facility and is limited in scope:

The Court notes at the outset that both sub-arguments concerning Claim Five are premised entirely on legal questions and thus would have been more appropriately made in Defendants' Motion to Dismiss (Doc. # 30). Neither sub-argument requires the Court to determine whether genuine factual disputes exist. Nonetheless, the Court reviews Defendants' arguments at this summary judgment juncture because a genuine issue of material fact "must be predicated on a viable legal theory." *Swanson v. Fields*, 814 F. Supp. 1007, 1009 (D. Kan. 1993) (citing *Windon Third Old & Gas v. Fed. Deposit Ins. Corp.*, 805 F.2d 342, 346 (10th Cir. 1986), *overruled on other grounds*, *Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215 (10th Cir. 1996)).

1. <u>The availability of review under the Colorado Rules of Civil Procedure</u>

First, Defendants assert that "Plaintiff's failure to complete the process" for appealing Defendant Prieto's ruling under C.R.C.P. 106.5(a) "is fatal to his due process claim as a matter of law." (*Id.* at 7.) Defendants reason:

---

This rule applies to every action brought by an inmate to review a decision resulting from a quasi-judicial hearing of any facility of the Colorado Department of Corrections ("CDOC") or any private facility in Colorado involving a CDOC inmate for events that occurred at the facility. To the extent this rule does not cover procedures in such cases, the parties shall follow C.R.C.P. 106(a)(4). All other provisions of C.R.C.P. 106(a)(4) shall apply except where modified by this Rule 106.5. The provisions of C.R.C.P. 106(b) and C.R.C.P. 5 shall govern all cases brought under this Rule 106.5.

C.R.C.P. 106.5(a). Colorado Rule of Civil Procedure 106(a)(4) states in relevant part:
Where any governmental body or officer or any lower judicial body exercising judicial or quasi-judicial functions has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy otherwise provided by law:
  (I) Review shall be limited to a determination of whether the body or officer has exceeded its jurisdiction or abused its discretion, based on the evidence in the record before the defendant body or officer.

C.R.C.P. 106(a)(4).

> The process due [to] . . . Plaintiff under the Due Process Clause of the Fourteenth Amendment was fulfilled by the availability of an appeal of his COPD conviction, and any alleged substantive or procedural errors of Defendant Prieto as the COPD administrative hearing officer could have been addressed had . . . Plaintiff sought review pursuant to C.R.C.P. 106.5.

(*Id.* at 7–8.) They clarify in their Response, however, that they are not "relying on . . . a PLRA exhaustion requirement." (Doc. # 208 at 6.) Rather, Defendants argue that "because the availability of the state court judicial review process provides . . . Plaintiff with all the process due under the Due Process Clause, . . . his challenge to the procedures employed by [Defendant Prieto] during the COPD administrative hearing . . . is precluded." (*Id.* at 7.)

Magistrate Judge Varholak correctly concluded that "the availability of state judicial action pursuant to [Rule] 106.5 does not defeat Plaintiff's procedural due process claim." (Doc. # 215 at 11) (citing *Arosena v. Coughlin*, No. 92-CV-0589E(F), 1994 WL 118298, *4–7 (W.D.N.Y. March 16, 1994)). He explained that ordinarily, "the Constitution requires some kind of a hearing **before** the state deprives a person of liberty or property." (*Id.* at 10) (quoting *Zinermon v. Burch*, 494 U.S. 113, 127 (1990)). Magistrate Judge Varholak continued:

> Here, the protected liberty interest . . . is the interest in avoiding the sanction of three days in segregation and being denied the right to call witnesses and present video evidence. The denial of the right to call witnesses and present the videotape occurred during the COPD hearing and . . . Plaintiff's sanction was issued immediately following the hearing. Thus, the process provided in the state court pursuant to Rule 106.5 would have occurred **after** the deprivation of Plaintiff's protected liberty interest.

(*Id.*) Magistrate Judge Varholak noted that in limited circumstances, the Supreme Court "has held that a statutory provision for a postdeprivation hearing, or a common law tort

9

remedy for erroneous deprivation, satisfies due process." (*Id.*) (quoting *Zinermon*, 494 U.S. at 128.) However, Defendants do not argue that such circumstances are present in this matter. (*Id.* at 11.) "Defendants' briefing on the Motion [for Summary Judgment] fails even to address the distinction between predeprivation and postdeprivation remedies," Magistrate Judge Varholak observed. (*Id.*)

The Court affirms Magistrate Judge Varholak's conclusion on this point. That Rule 106.5 provides an avenue for a prisoner to seek review of a decision rendered at a disciplinary hearing—a **post-hearing** review of the "decision" itself, C.R.C.P. 106.5(a)—does not satisfy the Due Process Clause's requirement of "some kind of a hearing **before** the State deprives a person of liberty or property." *Zinermon*, 494 U.S. at 127.

Defendants' Objection does not persuade the Court otherwise. Defendants reprise their argument that Plaintiff's "failure to complete the process" for appeal of a disciplinary hearing decision provided for by C.R.C.P. 106.5 "is fatal to his due process claim as a matter of law." (Doc. # 218 at 10.) But Defendants do not at all address Magistrate Judge Varholak's analysis of that argument, and again, they do not at all address the distinction between predeprivation and postdeprivation remedies. *See generally* (*id.* at 9–12.) Rather, they fault Magistrate Judge Varholak for "misinterpret[ing] [their] position;" the Recommendation "fails to recognize" their theory, they assert, that "Plaintiff's failure to complete the available state court appeal process for COPD convictions makes any analysis of its sufficiency impossible to determine."

(*Id.* at 9.) Defendants provide no authority in support of this position however,[4] and it strikes the Court as an exhaustion argument. In short, Defendants do not meet their initial burden of demonstrating the absence of a genuine dispute of material fact or the absence of a viable legal theory. They are not entitled to judgment as a matter of law on Plaintiff's Claim Five.

2. Issue preclusion

Second, Defendants argue that issue preclusion bars Plaintiff's due process claim because "a judgment was rendered on the merits of the case in the COPD hearing." (Doc. # 172 at 7–9.) They contend that "the parties here are identical or in privity with the parties from the COPD hearing," that "Plaintiff's due process claim in this action arise out of the same set of facts . . . litigated during the COPD hearing," and that "the issues presented in this action related to [Plaintiff's] due process claim are the same as those in the COPD hearing, and Plaintiff was provided a full and fair opportunity to litigate those claims." (*Id.* at 8–9.)

Under Colorado law, issue preclusion, also known as collateral estoppel, "bars relitigation of an issue that is identical to an issue that has been actually litigated and necessarily adjudicated in a prior proceeding." *Bristol Bay Prod., LLC v. Lampack*, 2013 CO 60, ¶ 17 (citing *Stanton v. Schultz*, 222 P.3d 303, 307 (Colo. 2010)); *see B & B*

---

[4] Defendants rely on *Garcia v. Harms*, 2014 COA 154, for the proposition that "[d]ue process challenges to the hearing procedure . . . constitute[s] challenges to CDOC's quasi-judicial action" that fall under C.R.C.P. 106.5. (Doc. # 218 at 10.) The Court does not dispute that Plaintiff's due process concerns could have been addresses in a suit brought pursuant to C.R.C.P. 106.5. But neither *Garcia* nor any other cases Defendants cited or the Court assessed require that due process challenges to COPD disciplinary hearings be brought pursuant to the Rule.

11

*Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1302–03 (2015) (articulating the rationale behind the doctrine of issue preclusion). Issue preclusion bars relitigation of an issue where four elements are present:

> (1) the issue is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) the party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.

*Stanton*, 222 P.3d at 307 (citing *Rantz v. Kaufman*, 109 P.3d 132, 139 (Colo. 2005)).

Magistrate Judge Varholak determined that Defendants' "briefing on the doctrine of issue preclusion—which merely parrots the four elements of issue preclusion without providing any analysis of those elements—fails to satisfy [Defendant Prieto's] burden on her issue preclusion defense." (Doc. # 215 at 13.) Specifically, he found that Defendants did not establish the first and fourth elements of issue preclusion. *See* (*id.* at 12.) As to the first element, Defendant "Prieto fails to identify the particular issues she believes are foreclosed and how the foreclosure of those issues justifies a grant of summary judgment," and as to the fourth element, Defendant Prieto "has not met her burden of establishing that Plaintiff had a full and fair opportunity to litigate those issues in state proceedings." (*Id.*)

The Court affirms Magistrate Judge Varholak's conclusion that issue preclusion does not bar Plaintiff's Claim Five. Defendants' argument fails at the first element of issue preclusion; they do not establish that the issue presented in Claim Five "is identical to an issue actually litigated and necessarily adjudicated" in the COPD disciplinary hearing. Defendants merely restate the element itself without **any**

explanation, asserting that "the issues presented in this action, related to [Plaintiff's] due process claim, are the same as those in the COPD hearing." (Doc. # 172 at 9.) The Court squarely rejects this assertion. The central issue of Claim Five is Plaintiff's procedural due process rights in the COPD disciplinary hearing. Plaintiff's procedural due process rights were not actually litigated in the COPD disciplinary hearing. Rather, the disciplinary charges against Plaintiff were litigated at the hearing. *See* (Doc. # 218-1) (transcript of hearing). At no point in the hearing did Defendant Prieto adjudicate Plaintiff's argument that he was being deprived of his procedural due process rights. Having failed to establish the first element, Defendants are not entitled to summary judgment on Claim Five on the basis of issue preclusion.

The Court is not moved by Defendants' Objection. Defendants restate—word for word—the argument they made in their Motion for Summary Judgment and do not at all engage with Magistrate Judge Varholak's analysis of that argument. *See* (Doc. # 218 at 12–13.) Completely devoid of specificity, Defendants' Objection on this point is not even properly made. *See One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d at 1059.

For these reasons, the Court concludes that Defendants are not entitled to summary judgment on Claim Five.

## B.     COMPENSATORY DAMAGES

Defendants next argue that the PLRA bars Plaintiff's request for compensatory damages "on any of his remaining claims" because Plaintiff has not, they allege, presented any evidence of physical injury. (Doc. # 172 at 4–5.) In their Reply in

13

support of their Motion for Summary Judgment, Defendants also note that "during Plaintiff's deposition, he was asked directly: 'Have you received any medical attention, or mental health attention, related to what happened with respect to [Defendants]?' and answered 'No.'" (Doc. # 208 at 4) (quoting Doc. # 172-1 at 2.) They further assert that Plaintiff's migraines were the result of a pre-existing condition. (*Id.* at 4–5.)

In his Complaint, Plaintiff alleges that Defendant Watson confiscated his prescription eyeglasses during her search of his cell on February 18, 2017, and that after she confiscated them, "his vision deteriorated and he had severe headaches that last[ed] for over [24] hours, that [were] debilitating and incapacitating, day after day." (Doc. # 1 at 16–18); *see also* (Doc. # 59-1 at 3) ("Once Plaintiff was in Segregation, he began having migraine headaches from the absence of his eyeglasses."). [5]

The relevant section of the PLRA, entitled "Limitations on Recovery," states, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). The PLRA does not define "physical injury." *See generally id.*; *Clifton v. Eubank*, 418 F. Supp. 2d 1243, 1245 (D. Colo. 2006), *clarified on reconsideration on other grounds*, No. Civ.A. 00-CV-2555JLK, 2006 WL 893600, *1 (D. Colo. April 5, 2006). Appeals courts considering the provision "have held that although a de minimis

---

[5] As Magistrate Judge Varholak observed, Plaintiff's assertion that Defendant Watson's confiscation of his prescription eyeglasses caused severe headaches arguably relates only to Claim Four, not to Claim Five. *See* (Doc. # 215 at 14 n.6.) However, "[i]t is not the Court's obligation to . . . construct legal arguments" for either party. *Cox v. Zavislan*, No. 11-cv-02554, 2104 WL 5477794, *4 (D. Colo. Oct. 23, 2014).

14

showing of physical injury does not satisfy the PLRA's physical injury requirement, an injury need not be significant to satisfy the statutory requirement." *Clifton*, 418 F. Supp. 2d at 1245 (collecting cases). Relevant here, the Court of Appeals for "the Tenth Circuit has suggested that although allegations of physical pain alone may be insufficient to overcome the PLRA bar, when paired with allegations of more tangible physical effects, they state a valid claim." *Id.* (citing *Sealock v. Colo.*, 218 F.3d 1205, 1210 n.6 (10th Cir. 2006); *Mata v. Saiz*, 427 F.3d 745, 755 (10th Cir. 2005)).

Magistrate Judge Varholak recommended denial of Defendants' request to strike Plaintiff's demand for compensatory damages. (Doc. # 215 at 13–15.) He explained that "[s]evere headaches—which are not merely manifestations of mental or emotional distress—satisfy the physical injury requirement of the PLRA." (*Id.* at 14) (citing *Wagner v. Hartley* (*Wagner I*), No. 10-cv-02501-WYD-KLM, 2012 WL 1079185, *7 (D. Colo. March 30, 2012); *Murray v. Edwards Cty. Sheriff's Dep't*, 248 F. App'x 993, 996–97 (10th Cir. 2007)). As to Defendants' argument in their Reply brief regarding Plaintiff's deposition testimony that he did not seek medical care, Magistrate Judge Varholak rejected it on the grounds that "'the fact that medical records do not reflect complaints of headaches by Plaintiff is an impeachment matter for trial[;] it does not overcome' Plaintiff's assertion in his verified Complaint." (*Id.* at 14–15) (quoting *Wagner v. Hartley* (*Wagner II*), No. 10-cv-02501-WYD-KLM, 2013 WL 1191231, *9 (D. Colo. March 22, 2013)). Magistrate Judge Varholak also determined that Defendants' assertion that Plaintiff's headaches were due to a pre-existing condition did not prove the absence of a

15

genuine dispute of material fact, pointing to Plaintiff's allegations in his Complaint that the headaches were caused by not having his eyeglasses. (*Id.* at 14 n.7.)

The Court agrees with Magistrate Judge Varholak's analysis on this point. Plaintiff alleges that Defendant Watson's confiscation of his prescription eyeglasses caused him "severe headaches" that were "debilitating and incapacitating." (Doc. # 1 at 18.) For purposes of Defendants' Motion for Summary Judgment, the Court must view this allegation in the light most favorable to Plaintiff. *See Allen*, 119 F.3d at 839. And "[t]he Tenth Circuit has indicated that headaches constitute 'physical injury' within the meaning of the PLRA." *Wagner II*, 2013 WL 1191231 at *9 (citing *Murray*, 248 F. App'x at 995). Defendants do not cite any authority that suggests otherwise. To the extent that Defendants posit that the headaches were not severe enough to warrant medical treatment or resulted from a pre-existing condition and thus do not satisfy PLRA's physical injury requirement, the Court leaves it to the jury to resolve this genuine dispute of material fact. The Court therefore rejects Defendants' argument that it entitled to summary judgment on Plaintiff's prayer for compensatory damages.

The Court also rejects Defendants' Objection regarding this argument. Defendants take issue with Magistrate Judge Varholak's Recommendation on the grounds that it "relies exclusively on Plaintiff's assertion in his verified Complaint" and fails to acknowledge "the lack of any actual evidence" in support of Plaintiff's assertion regarding severe headaches. (Doc. # 218 at 5–7.) However, Magistrate Judge Varholak accurately explained in the Recommendation why relying on Plaintiff's

Complaint was appropriate. *See* (Doc. # 215 at 14.) As the Tenth Circuit has explained:

> Although a nonmoving party may not rely merely on the unsupported or conclusory allegations contained in his pleadings, a verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56(e). . . . Rule 56(e) requires that the affidavit be based on personal knowledge, contain facts which would be admissible at trial, and show that the affiant is competent to testify on the matters stated therein.

*Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988) (internal citations omitted). Plaintiff's Complaint as to the factual allegations of severe headaches resulting from the confiscation of his eyeglasses meets these requirements. Moreover, Plaintiff stated in an affidavit that "he began having migraine headaches from the absence of his eyeglasses." (Doc. # 59-1 at 3.) The Court is satisfied that Plaintiff has proffered sufficient evidence of his debilitating headaches to survive Defendants' Motion for Summary Judgment as to compensatory damages.

### C.   PUNITIVE DAMAGES

Defendants' final argument is that "Plaintiff is not entitled to exemplary damages against Defendants" on any claim, "for want of the requisite subjective intent." (Doc. # 172 at 9–10.) They briefly assert that "Plaintiff has adduced no evidence Defendants acted with the required maliciousness, evil motive, or reckless indifference to Plaintiff's civil rights, or that they subjectively knew their actions were unconstitutional or contrary to clearly established law." (*Id.* at 10.)

Punitive damages are only available in a Section 1983 action when "the defendant's conduct is shown to be motivated by evil motive or intent, or when it

17

involves reckless or callous indifference to the federally protected rights of others."
*Smith v. Wade*, 461 U.S. 30, 56 (1983); *Jolivet v. Deland*, 966 F.2d 573, 577 (10th Cir. 1992). "The focus must be on whether the defendant's actions call for 'deterrence and punishment over and above that provided by compensatory awards.'" *Jolivet*, 966 F.2d at 577 (quoting *Smith*, 461 U.S. at 54).

Magistrate Judge Varholak concluded that there is a genuine issue of material fact regarding Defendants' subjective motivations for their alleged conduct. (Doc. # 215 at 15–17.) As to Claim Four, Magistrate Judge Varholak paraphrased Plaintiff's allegations of Defendant Watson's conduct and determined that "[s]uch actions could cause a jury to decide that [Defendant] Watson acted with improper motives or callous indifference to Plaintiff's rights." (*Id.* at 15–16.) "This is especially so," he wrote, "given that [Defendant] Watson has not presented any evidence of her own subjective motivations." (*Id.* at 16.) With respect to Claim Five, Magistrate Judge Varholak cited this Court's previous finding in its Order Denying Defendants' Motion to Dismiss "that the alleged circumstances surrounding Plaintiff's disciplinary hearing and Defendant Prieto's sanction are extreme . . . and (hopefully) atypical." (*Id*. at 16) (quoting Doc. # 51 at 20.) Defendant Prieto, he observed, "has neither challenged that finding, nor presented any evidence of her own subjective intent." (*Id.*) He therefore concluded that jury could find that Defendant Prieto acted with improper motives. (*Id.*)

The Court affirms Magistrate Judge Varholak's determination that there is a genuine dispute of material fact regarding Defendants' subjective motivations for their alleged conduct. Viewing Plaintiff's Complaint liberally, *see Trackwell*, 472 F.3d at

18

1243, and in the light most favorable to him, *see Allen*, 119 F.3d at 839, the Court is satisfied that a reasonable jury could conclude from Plaintiff's allegations that Defendants acted with the requisite evil intent and could therefore award Plaintiff punitive damages. Moreover, by failing to offer any evidence of their own intents, Defendants cannot demonstrate the absence of a genuine dispute on this point. They are not entitled to summary judgment on Plaintiff's prayer for punitive damages.

Defendants' Objection again fails to persuade the Court otherwise. Defendants take issue with Magistrate Judge Varholak's analysis for relying on Plaintiff's "conclusory statements contained in the verified Complaint." (Doc. # 218 at 8.) But Plaintiff does not make conclusory statements regarding Defendants' subjective intents in his Complaint. *See generally* (Doc. # 1.) Rather, he makes specific allegations about their conduct and supports his allegations with affidavits. *See, e.g.*, (Doc. # 59-1.) And the Court is satisfied that these allegations are sufficient to enable a reasonable jury to determine that Defendants were motivated by evil motive or intent.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court ORDERS that Magistrate Judge Varholak's February 27, 2019 Recommendation (Doc. # 215) is AFFIRMED and ADOPTED as an Order of this Court. It is

FURTHER ORDERED that Defendants' Objection (Doc. # 218) is OVERRULED. It is

FURTHER ORDERED that Defendants' Motion for Summary Judgment (Doc. # 172) is DENIED.

19

DATED: August 22, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge